UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

City of Detroit, *et al.*,

    Plaintiffs,

v.                                                                               Case No.: 13-14827

City of Highland Park, a municipal                     Honorable Sean F. Cox
corporation,

    Defendant.

_____/

# ORDER
## DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs City of Detroit and the Detroit Water and Sewerage Department filed this action on November 22, 2013, asserting federal-question jurisdiction pursuant to 28 U.S.C. §1331.

Plaintiffs' Complaint states as follows with respect to the nature of this civil action: "[t]his is a civil action pursuant to § 204 of the Clean Water Act, 22 USC 1284 (b) (the 'Act'), § 56-3-60.1 and § 56-3-61.1 of the City of Detroit Ordinance No. 08-05 ('Ordinance'), and 35.929 of Chapter 40 of the Code of Federal Regulations. The City of Detroit ('Plaintiff' or 'City') and the Detroit Water and Sewerage Department ('Plaintiff' or 'City') and the Detroit Water and Sewerage Department ('Plaintiff' or 'DWSD') (collectively, 'Plaintiffs'), seek to collect fees due and owing as a result of sewage treatment services rendered to the City of Highland Park ('Defendant' or 'Highland Park')". (Compl. at ¶ 1).

Plaintiffs' Complaint contains the following statement regarding this Court's subject

matter jurisdiction over this action:

> 2.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 the Ordinance, and the Amended Consent Judgment entered by this Court in Civil Action Nos. 92-cv-76775-DT, and 94-cv-73135-DT.

(Compl. at ¶ 2).

Plaintiffs asserted the following state-law claims in their Complaint: 1) "Breach of Contract" (Count I); 2) "Implied Contract" (Count II); 3) "Quantum Meruit" (Count III); "Account Stated" (Count IV); and 5) "Conversion" (Count V).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998); *see also Walbridge Aldinger Co. v. City of Detroit,* 296 Fed. App'x. 527, 531 (6th Cir. 2008

Having reviewed Plaintiffs' complaint, this Court was not persuaded that it has subject matter jurisdiction over Plaintiffs' claims.

Although the introductory section of Plaintiffs' Complaint Plaintiffs' Complaint states that this "is a civil action pursuant to § 204 of the Clean Water Act, 33 USC 1284(b)," the body of the Complaint does not assert any claims under the Clean Water Act. Moreover, the Complaint asserts state-law claims.

Plaintiffs have the burden of establishing subject matter jurisdiction. *Walbridge Aldinger Co. v. City of Detroit,* 296 Fed. App'x. 527, 532 (6th Cir. 2008). Thus, it is incumbent upon Plaintiffs to "advance the facts and theories necessary to establish subject matter jurisdiction" over this action. *Id.*

Plaintiffs were " **ORDERED TO SHOW CAUSE**, in writing, **on or before December**

**16, 2013**, why this case should not be dismissed for lack of subject matter jurisdiction." (Docket Entry No. 5) (emphasis in original).

On December 16, 2013, Plaintiffs filed a response to the Show Cause Order. (Docket Entry No. 8). In it, Plaintiffs assert that this Court has jurisdiction to enforce any breach of the settlement agreement that was incorporated into the Amended Consent Judgment that resolved Civil Action Nos. 92-cv-76775-DT and 94-cv-73135-DT. That Amended Consent Judgment contained numerous specific terms that the City of Detroit and Highland Park agreed to, including but not limited to, the maintenance and distribution of escrow accounts, specific rates to be charged for services, execution and delivery of certain promissory notes, and Highland Park making certain records available for inspection, review, and copying. (*See* Exhibits. to Pls.' Compl.).

In their response to the Show Cause Order, Plaintiffs also asked this Court to exercise supplemental jurisdiction over their state-law claims.

In an Order issued on December 30, 2013, this Court stated that "[h]aving considered Plaintiffs' Complaint and response to the Show Cause Order, this Court concludes that it has subject matter jurisdiction over that portion of Count I of Plaintiffs' Complaint, *if any*, that is based upon an alleged breach of the Amended Consent Judgment that resolved Civil Action Nos. 92-cv-76775-DT and 94-cv-73135-DT." (Docket Entry No. 10) (Emphasis added). This Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, and dismissed Counts II, III, IV, and V of Plaintiffs' Complaint without prejudice. This Court also dismissed without prejudice "any portions of Count I that are based upon anything other than a breach of the Amended Consent Judgment that resolved Civil Action Nos. 92-cv-76775-DT and

3

94-cv-73135-DT." (*Id*.). In order to determine if Count I is based upon any alleged breaches of the Amended Consent Judgments that resolved Civil Action Nos. 92-cv-76775-DT and 94-cv-73135-DT, this Court ordered the parties to appear for a Status Conference on January 27, 2013. (*Id*.).

The parties appeared for the Status Conference on January 27, 2013, at which time the Court inquired as to the basis of Count I and if Plaintiffs were, in fact, alleging a breach of any of the specific terms of the Amended Consent Judgment that resolved Civil Action Nos. 92-cv-76775-DT and 94-cv-73135-DT.

In response to the Court's inquiry, Counsel for Plaintiffs directed the Court to a single paragraph contained in the Amended Consent Judgment, that states: "[i]n the event that Highland Park fails to pay Detroit for current or future services, Detroit may take any action it deems necessary or appropriate to obtain and ensure payment for the same and to seek any further relief as may be appropriate under the circumstances."

Plaintiffs contend that Highland Park has breached the 1992 and 1994 Amended Consent Judgments because, decades later, and after entering into different oral and written agreements, Highland Park has "failed to pay for water and sewerage services in a timely manner." Plaintiffs have not identified any other term or provision of the Amended Consent Judgment that they allege Highland Park has breached.

This Court does not construe the above-quoted provision in the Amended Consent Judgment as providing for federal court jurisdiction over any future billing disputes that may arise between the parties. To so construe that paragraph would be to provide, *in perpetuity*, a federal-court forum for garden-variety, state-law breach of contract claims.

Accordingly, having carefully considered Plaintiffs' Complaint and its attachments, and all arguments advanced by Plaintiffs in support of subject matter jurisdiction, this Court concludes that it lacks subject matter jurisdiction over Count I, the sole-remaining count of Plaintiffs' Complaint.  As such, the Court ORDERS that this action is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 7, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager